UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER GOMEZ,

    Plaintiff,

v.                                    CASE NO.:

A PLUS ALLIANCE HOME CARE, LLC
A Florida Limited Liability Company,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JENNIFER GOMEZ, by and through the undersigned attorney, sues the Defendant, A PLUS ALLIANCE HOME CARE, LLC, a Florida Limited Liability Company, and alleges:

**JURISDICTION AND VENUE**

1. Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, liquidated damages, and all other applicable relief pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and the FLSA.

3. At all times material hereto, Plaintiff was a resident of Hillsborough County, Florida.

4. Defendant operates and conducts business in Hillsborough County, Florida.

5. A substantial part of the events or omissions giving rise to this claim occurred in Hillsborough County, Florida. Therefore, venue is proper in the Middle District of Florida, Tampa Division, pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Defendant, A PLUS ALLIANCE HOME CARE, LLC, through their staff, "provides services to those who are homebound and in need of assistance with their activities of daily living." *See* A PLUS ALLIANCE HOME CARE AGENCY, LLC, ABOUT US, available at https://www.aplusalliancehca.com/non-medical-home-care-about-us.

7. Plaintiff worked for the Defendant as a Caregiver from approximately July 2018 to March 2020.

## GENERAL ALLEGATIONS

8. At all material times, Defendant was an "employer" within the meaning of the FLSA and under the common law.

9. Defendant controlled and supervised Plaintiff and also had the power to determine Plaintiff's schedule, her rate of pay, and hire/fire her.

10. Plaintiff was an employee who worked for Defendant as an hourly paid Caregiver within the last three years in Hillsborough County, Florida.

11. Throughout Plaintiff's employment, Plaintiff was improperly classified as an "independent contractor" and was denied additional overtime compensation for overtime work performed.

12. During Plaintiff's on-boarding, Defendant provided Plaintiff with training to learn the skills necessary to perform the job.

13. Defendant provided Plaintiff with her schedule and Plaintiff was required to seek permission to obtain a deviation in her schedule, including any requests for time-off.

14. During her employment, Plaintiff reported directly to and was supervised by Latasha Walters-Jackson.

15. Plaintiff regularly communicated with Ms. Walters-Jackson during the performance of her duties each day.

16. Plaintiff did not have discretion with respect to the performance of her job assignments.

17. Plaintiff was not allowed to leave the jobsite until the end of her designated shift.

18. Plaintiff did not have authority to hire employees to assist her in the performance of her work.

19. Plaintiff worked full time for Defendant from around July 2018 to March 2020 with no lapses in employment.

20. In 2019, Defendant awarded Plaintiff "Employee of the Year."

21. Plaintiff was economically dependent on Defendant for her livelihood.

22. Plaintiff was not in business for herself.

23. Plaintiff could not refuse work offered by Defendant.

24. Plaintiff regularly worked in excess of (40) hours per week throughout her employment with Defendant.

25. Defendant failed to post informational posters as required by law advising its employees of their rights under the FLSA.

26. At all times material to this cause of action, Defendant was an enterprise subject to the FLSA.

27. At all times material to this cause of action, Plaintiff was a non-exempt employee and therefore entitled to overtime wages for any and all overtime hours worked.

28. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

29. During Plaintiff's employment, Defendant earned more than $500,000 per year in gross sales.

30. During Plaintiff's employment, Defendant employed at least two employees who were engaged in interstate commerce and/or handled goods, materials and supplies which travelled in interstate commerce, including but not limited to computers, telephones, medical supplies, and other tools/materials used to run the business.

31. Therefore, at all material times relevant to this action, Defendant was enterprises covered by the FLSA, and as defined by 29 U.S.C. §203(r).

32. During her employment with Defendant, Plaintiff was not paid time and one-half her regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

33. During her employment with Defendant, Plaintiff routinely worked overtime hours.

34. Defendant misclassified Plaintiff as an independent contractor not entitled to overtime compensation.

35. Plaintiff is not an independent contractor but rather an employee. As such, she is entitled to her regular rate of pay plus the half-time premium for all hours worked in excess of forty (40) per week.

36. Based upon the above policies, Defendant violated the FLSA by failing to pay complete overtime pay for each hour worked over forty (40) per week.

37. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and the amounts paid to Plaintiff are in the possession and custody of Defendant.

38. Plaintiff has hired the below law firm and is obligated to pay them a reasonable fee if successful in this litigation.

39. All conditions precedent to this action have been performed or waived.

**COUNT I - RECOVERY OF OVERTIME COMPENSATION (FLSA)**

40. Paragraphs one (1) through thirty-nine (39) above are fully re-alleged and incorporated herein.

41. Plaintiff is/was entitled to be paid time and one-half her regular rate of pay for each hour worked in excess of forty (40) per work week.

42. During her employment with Defendant, Plaintiff was not being paid proper overtime compensation for all overtime hours worked in violation of the FLSA.

43. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

44. Defendants did not have a good faith basis for its failure to pay Plaintiff overtime compensation for each hour worked in excess of forty (40) per work week.

45. As result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

46. Plaintiff demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff, JENNIFER GOMEZ, demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by her for which Defendant did not properly compensate her, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated:    April 1, 2021

                    Respectfully submitted,

                    **/s/ JOLIE PAVLOS, ESQ.**
                    Jolie Pavlos, Esq.,
                    FBN 0125571
                    Morgan & Morgan, P.A.

>20 N. Orange Avenue
>Suite 1600
>Orlando, FL 32801
>Telephone:   (407) 245-3517
>Facsimile:    (407) 204-2206
>Email:jpavlos@forthepeople.com
>xlezcanocaban@forthepeople.com
>Attorney for Plaintiff